IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,436-01






EX PARTE ANTHONY RAYDELL MASON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 9654 IN THE 1ST JUDICIAL DISTRICT COURT


FROM JASPER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
habitation, and was sentenced to fifteen years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because failed to
request an evaluation to determine Applicant's sanity at the time of the offense, or his competency
to enter a plea. Applicant alleges that counsel was aware of Applicant's history of psychological
problems, but did not request such evaluations, and did not advise Applicant of the availability of 
such evaluations. Applicant also alleges that his plea was not knowingly and voluntarily entered,
because counsel failed to properly advise him of the rights he was waiving. The habeas record does
not contain copies of the plea documents or admonishments.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the indictment, the
judgment, and the plea papers from this cause. The trial court shall make findings of fact as to
whether counsel was aware of Applicant's history of psychological problems, and if so, whether
counsel requested a sanity or competency evaluation for Applicant. The trial court shall make
findings as to whether counsel investigated or advised Applicant of possible defenses to the charge. 
The trial court shall also make findings as to whether Applicant was properly advised of the nature
of the charge, the applicable punishment range, the rights he was waiving, and the consequences of
his plea. The trial court shall make findings as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 10, 2008

Do not publish